EDWARD M. SHEPARDSON'S APPEAL FROM PROBATE.

A decree of a probate court appointing a trustee in a case of compulsory insolvent proceedings under the state insolvent law, was appealed from on the ground that the state insolvent law as to such proceedings was superseded by the United States bankrupt act.   Held that, as the record did not show that it was not a case where the debts were less than three hundred dollars, in which case the bankrupt act would not apply to it, the court could not see

that there was error in the decree of the probate court, and therefore could not reverse it. [One judge dissenting, on the ground that the jurisdiction of a probate court must affirmatively appear and cannot be aided by presumption.]

MOTION IN ERROR from a judgment of the Superior Court in Hartford County, (*Pardee, J.*,) affirming on appeal a decree of a probate court, appointing a trustee in insolvency upon the estate of the appellant, on insolvent proceedings against him by his creditors under the insolvent law of the state. The case is sufficiently stated in the opinion.

*Sill*, for plaintiff in error.

*Hamersley* and *C. E. Fellowes*, for defendant in error.

CARPENTER, J. Proceedings were instituted against the appellant under the insolvent laws of this state, and thereupon a trustee was appointed by the court of probate. From that decree an appeal was taken, and the Superior Court affirmed the decree. The appellant now seeks to reverse that judgment by motion in error.

The objection to the validity of that decree is based upon the claim that the statute authorizing it had been superseded by the operation of the bankrupt act of the United States, then and now in force. That act applies only to cases where the debtor is owing debts provable under the act " exceeding the amount of three hundred dollars." Sections 11 and 39 of the act. It does not appear in this case that the debts of the appellant exceed that amount. The case therefore does not appear to be within the purview of the act of Congress.

We have no occasion to presume either that the debts are more or less than that amount. If less, it is clear that the law, so far as it respects this case, is unaffected by the bankrupt act.

Before we can hold that the proceedings are erroneous, it ought to appear affirmatively that they are more. Until then there is no conflict of laws. The state law is operative to some extent and for some purposes. It is clearly operative in

all cases which are not within the provisions of the United States law. So far as appears this is, or may be, a case of that description. We therefore see no error in the judgment complained of.

In this opinion HINMAN, C. J., and BUTLER, J., concurred.

PARK, J. The record does not disclose whether or not the insolvent owes debts in the aggregate to an amount less than the sum of three hundred dollars. If he owes more than that amount, the majority of the court concede that the probate court had no jurisdiction of the case, for the bankrupt act suspends the insolvent act in cases of involuntary insolvency, where the insolvent owes debts more in the aggregate than that amount. The question then is one of jurisdiction ; and the record leaves it in doubt whether or not the probate court had jurisdiction. Now it has repeatedly been held by this court that the jurisdiction of a probate court must affirmatively appear and that no presumption exists in its favor.

In the case of *Potwine's Appeal from Probate*, 31 Conn. R., 381, Judge Butler says :—"Courts of probate have a special and limited jurisdiction. Their proceedings cannot be sustained by presumption, and their records must show an explicit finding of all necessary jurisdictional facts." The following cases are to the same effect. *Coit* v. *Havens*, 30 Conn. R., 190 ; *Sears* v. *Terry*, 26 Conn. R., 273.

I cannot agree with the majority of the court on this ques tion.